IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHRISTOPHER WYMA, #Y-20504,**

    **Plaintiff,**

vs.                                        Case No. 18–cv–092–DRH

**WARDEN,**

    **Defendant.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff Christopher Wyma, an inmate in Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. In his First Amended Complaint, Plaintiff claims the defendant has been deliberately indifferent to his serious medical issues in violation of the Eighth Amendment. (Doc. 6). This case is now before the Court for a preliminary review of the First Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The First Amended Complaint**

In his First Amended Complaint (Doc. 6), Plaintiff makes the following allegations: on or around April 19, 2017, Plaintiff was sent to Menard. (Doc. 6, p. 1). During intake, Plaintiff explained his problems, as well as the fact that he was not receiving his psych medication. *Id.* "[N]one of that happened which further delayed [Plaintiff] getting [his] psych meds." *Id.* Plaintiff is "suing the Menard Warden in their official capacity for further delaying [him] from receiving medication [he] needed." *Id.* Plaintiff wrote grievances at both Stateville and Menard, but they "mysteriously vanished" and he never received a response. *Id.* "This allowed the problem to keep going on and delay[ed] things further, leading [Plaintiff] to believe they were trying to avoid personal knowledge of the problem. For this [he is] suing Menard Warden in their official capacity." *Id.*

2

Plaintiff had Dicyclomine and Famotidine at Menard, but they expired May 10, 2017, and "it took several months to get them re-prescribed." *Id.* Because of this delay, Plaintiff "experienced pain and suffering, instead of being seen by a doctor in a timely fashion." (Doc. 6, p. 2). Plaintiff did not receive his psychotropic medication until June 18, 2017. *Id.* From May 10 to August 14, 2017, Plaintiff "received virtually none of his medication." *Id.* The "Psych counselor explained that no one had bothered to retrieve any of Plaintiff's psych or medical records." *Id.* "No one bothered to inquire into [Plaintiff's] medical illnesses and problems, which caused long delays in seeing doctors or receiving medication." *Id.*

Plaintiff saw sick call several times and had to pay $5 every time because they would not let Plaintiff see a doctor who could re-prescribe Plaintiff's medications. (Doc. 6, p. 3). Because it took so long to retrieve his psychotropic medications, Plaintiff experienced severe depression as well as panic attacks. *Id.* When the Famotidine and Dicyclomine were not re-prescribed, Plaintiff experienced severe stomach pains, which affected his everyday activities and caused him to constantly throw-up from acid reflux. *Id.* Plaintiff filed an emergency grievance because he was in a lot of pain and needed his medications. *Id.* His grievance was denied, however, and he was told to refile it because it was not an emergency. *Id.* "This situation caused Plaintiff severe pain, stress, depression, anxiety, and hopelessness. These problems were mishandled and ignored for as long as possible, and they could have been avoided[.]" (Doc. 6, pp.

3

3-4). Plaintiff is "suing the Warden of Menard who oversees all operations and is in place to ensure all policies are enforced and rights aren't violated." (Doc. 6, p. 4).

## Discussion

Based on the allegations of the First Amended Complaint, the Court finds it convenient to designate a single new count in this *pro se* action. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

> **Count 1 –** While Plaintiff was incarcerated at Menard from April 19, 2017 to August 14, 2017, the Warden showed deliberate indifference to Plaintiff's serious medical needs by delaying and/or failing to provide him with needed medications and treatment in violation of the Eighth Amendment.

Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

## Count 1

Plaintiff repeatedly states in the First Amended Complaint that he is suing Menard's Warden in his or her official capacity. However, the Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons'" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). For this reason, and because Plaintiff does not seek any form of injunctive relief, nor does he appear to require any, Count 1 cannot proceed

4

against the Warden in his or her official capacity.

Were this Court to construe Plaintiff's claims to be against the Warden in his or her individual capacity, they would still fail. There is no supervisory liability in a § 1983 action; thus to be held individually liable, a defendant must be "'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir.2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Plaintiff's allegations do not plausibly suggest personal involvement on the part of the Warden. Instead, as Plaintiff notes, he named the Warden because of his position and job description requiring him to oversee operations at Menard. There is no plausible allegation that the Warden was personally involved in Plaintiff's medical treatment, or the delay thereof, or that he or she had knowledge of Plaintiff's medical needs. For these reasons, Count 1 will be dismissed without prejudice.

## Pending Motions

Plaintiff has filed a Motion for Appointment of Counsel (Doc. 7) that is hereby **STRICKEN**. Plaintiff did not sign this Motion, and Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented."

## Disposition

**IT IS HEREBY ORDERED** that the First Amended Complaint (Doc. 6) and **COUNT 1** are **DISMISSED** without prejudice for failure to state a claim upon

5

which relief may be granted.

**IT IS FURTHER ORDERED** that **WARDEN** is dismissed without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his Second Amended Complaint, stating any facts which may exist to support an Eighth Amendment medical needs claim, within 28 days of the entry of this order (on or before May 8, 2018). Should Plaintiff fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g) as Plaintiff has thus far failed to state a claim upon which relief may be granted.

Should Plaintiff decide to file a Second Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "Second Amended Complaint," and he should use the case number for *this* action (*i.e.* 18-cv-92-DRH). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts

of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to the alleged deliberate indifference claim will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the Second Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. No service shall be ordered on any defendant until after the Court completes its § 1915A review of the Second Amended Complaint.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a Second Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his

address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

*[Signature: David R. Herndon]*

Judge Herndon
2018.04.10
11:12:28 -05'00'

**United States District Judge**