IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTOPHER WYMA, #Y-20504,

        Plaintiff,

vs.                                      Case No. 18–cv–092–DRH

WARDEN, and
JANE/JOHN DOE,

        Defendants.


**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Plaintiff Christopher Wyma, an inmate in Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. In his Second Amended Complaint, Plaintiff claims the defendants were deliberately indifferent to his serious medical issues in violation of the Eighth Amendment. (Doc. 13). This case is now before the Court for a preliminary review of the Second Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

>(a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>>(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>>(2) seeks monetary relief from a defendant who is

immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Second Amended Complaint

In his Second Amended Complaint (Doc. 13), Plaintiff makes the following allegations: on or around April 19, 2017, Plaintiff arrived at Menard. (Doc. 13, p. 5). During intake, Plaintiff explained his problems, as well as the fact that he was not receiving psych medication. *Id.* "They did nothing about this which further delayed Plaintiff getting his psych meds." *Id.* Plaintiff is "suing Jane/John Doe for a faulty intake, which does not help people to get back on their meds or schedule to see a doctor who you can explain your problems to, or get back on medication." *Id.*

Plaintiff wrote grievances at both Stateville and Menard, but he never received a response. *Id.* "This allowed the problem to continue to be delayed,

which caused more pain, and stress." *Id.* Plaintiff believes they purposely got rid of his grievances. *Id.* Plaintiff also believes the grievance procedure is faulty, in that there is no way to guarantee a grievance is received, and inmates do not receive a copy of their grievances unless they receive a response. *Id.* He is suing Jane/John Doe for this issue. *Id.*

Plaintiff had his Dicyclomine and Famotidine at Menard, but they expired May 10, 2017, and "[e]ven after [he] saw sick call, they never forwarded [Plaintiff] to a doctor. . . . [It] took several months of seeing sick call and grievances just to see a doctor to get re-prescribed." (Doc. 13, p. 6). In fact, Plaintiff was not prescribed his psych medication until June 18, 2017, after three months had passed. *Id.* "Because the nurse failed to do their 'gatekeeper' role," Plaintiff is suing Jane/John Doe "for allowing [him] to be in severe pain after having personal knowledge of his medical needs" and for contributing to the "delay in [Plaintiff] seeing doctors." (Doc. 13, pp. 6-7). From May 10 to August 14, 2017, Plaintiff "received virtually no mediation whatsoever. The psych counselor explained that no one had bothered to retrieve or fax Plaintiff's medical records." (Doc. 13, p. 7).

Plaintiff saw sick call several times and had to pay $5 every time because they would not let Plaintiff see a doctor who could re-prescribe Plaintiff's medications. *Id.* Plaintiff "is suing Jane/John Doe for running [an] inadequate sick call procedure which delays doctor visits or refuses you completely." *Id.* Because it took so long to retrieve his psychotropic medications, Plaintiff experienced withdrawals, severe depression, and panic attacks. *Id.* When the

Famotidine and Dicyclomine were not re-prescribed, Plaintiff experienced severe stomach pains and vomiting from acid reflux. *Id.*

Plaintiff filed an emergency grievance because he was in severe pain and needed his medications. *Id.* His grievance was denied, however, and he was told to refile it because it was not an emergency. *Id.* Plaintiff believes that Menard's refusal to consider inmate pain and suffering an emergency indicates that the grievance procedure is inadequate. (Doc. 13, p. 8). "For an inadequate grievance procedure, [Plaintiff] is suing Jane/John Doe." *Id.*

This situation caused Plaintiff severe pain, stress, depression, and anxiety. *Id.* Plaintiff has included the Warden of Menard as a defendant in this action so he or she may help identify the unknown defendants. *Id.* He seeks monetary damages. (Doc. 13, p. 9).

## Discussion

Based on the allegations of the Second Amended Complaint, the Court finds it convenient to designate two counts in this *pro se* action. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

**Count 1 –** While Plaintiff was incarcerated at Menard from April 19, 2017 to August 14, 2017, Jane/John Doe showed deliberate indifference to Plaintiff's serious medical needs by delaying and/or failing to provide him with needed medications and treatment in violation of the Eighth Amendment.

**Count 2 –** Jane/John Doe subjected Plaintiff to an inadequate grievance procedure at Menard, in violation of the First Amendment.

Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

The Court need not delve in to the merits of Plaintiff's claims at this point. Pursuant to Federal Rule of Civil Procedure 8, plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Moreover, vague references to a group or list of defendants, without specific allegations tying the individual defendants to the alleged unconstitutional conduct, do not raise a genuine issue of material fact with respect to those defendants. *See Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003) (finding dismissal of named defendant proper where plaintiff failed to allege defendant's personal involvement in the alleged wrongdoings); *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996).

Plaintiff has given one name, "Jane/John Doe," to what appears to be multiple individuals that allegedly violated his constitutional rights in one way or another – be it by conducting his intake improperly, by failing to provide him with an adequate grievance procedure, or by delaying his treatment in refusing to refer him to a doctor after sick call. Plaintiff acknowledges that Jane/John Doe is

multiple people when he notes that he named the Warden as a defendant to help in identifying the "correct defendants." (Doc. 13, p. 8). Because of this, the proper defendants will be incapable of distinguishing the allegations that apply to them from those that apply to the other defendants named Jane/John Doe, rendering them incapable of properly answering the Second Amended Complaint.

As to the Warden of Menard, the only remaining defendant, there are no allegations specifically related to him or her. Further, he or she will not be required to identify the Jane/John Doe defendants because the Second Amended Complaint will not proceed past threshold. For these reasons, Warden will be dismissed without prejudice, along with Jane/John Doe and the Second Amended Complaint.

## Disposition

**IT IS HEREBY ORDERED** that the Second Amended Complaint (Doc. 13) and **COUNTS 1** and **2** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **WARDEN** and **JANE/JOHN DOE** are dismissed without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file a Third Amended Complaint, stating any facts which may exist to support an Eighth Amendment medical needs claim, within 28 days of the entry of this order (on or before June 14, 2018). Should Plaintiff fail to file his

Third Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g) as Plaintiff has thus far failed to state a claim upon which relief may be granted.

Should Plaintiff decide to file a Third Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "Third Amended Complaint," and he should use the case number for *this* action (*i.e.* 18-cv-92-DRH). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, even if the names are just *distinct* John or Jane Doe designations (*e.g.*, John Doe 1, John Doe 2). Each count shall also specify the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to the alleged deliberate indifference claim will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the Third Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the Third Amended Complaint. The Third Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. No service shall be ordered on any defendant until after the Court completes its § 1915A review of the Third Amended Complaint.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a Third Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his amended complaint, the Clerk is

**DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

Judge Herndon
2018.05.17
14:31:53 -05'00'

**United States District Judge**