IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHRISTOPHER WYMA, #Y-20504,

    Plaintiff,

vs.                                             Case No. 18–cv–092–DRH

DR. SIDDIQUI,
HOLLY HAWKINS,
WEXFORD MEDICAL PROVIDER,
and
WARDEN OF MENARD,

    Defendants.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Plaintiff Christopher Wyma, an inmate in Menard Correctional Center ("Menard"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. In his Third Amended Complaint, Plaintiff claims the defendants were deliberately indifferent to his serious medical issues in violation of the Eighth Amendment. (Doc. 15). This case is now before the Court for a preliminary review of the Third Amended Complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune

1

from such relief, must be dismissed. 28 U.S.C. § 1915A(b). An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At this juncture, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Third Amended Complaint

In his Third Amended Complaint (Doc. 15), Plaintiff makes the following allegations: Wexford, which provides health care at Menard, "has a policy of not having their staff and doctors see patients in a timely manner." (Doc. 15, pp. 6-7). On April 19, 2017, Plaintiff arrived at Menard. (Doc. 15, p. 7). During intake, Plaintiff explained his problems to several nurses, including that he was not receiving psych medication. *Id.* "None of the nurses referred Plaintiff to see Psych or Medical." *Id.* Holly Hawkins is the Director of Nursing at Menard. *Id.* Dr. Siddiqui is the Medical Director and "should have had personal knowledge of [Plaintiff] not being treated after [he] saw sick call several times for the same reasons." *Id.* Plaintiff wrote grievances at both Stateville and Menard about his medications, but he never received a response. *Id.* This further delayed Plaintiff seeing a doctor. *Id.*

Plaintiff received Dicyclomine and Famotidine at Menard, but they expired

May 10, 2017. (Doc. 15, p. 8). "Instead of renewing or seeing the doctor, [Plaintiff] was taken off. Medical staff knew they were about to expire but delayed [Plaintiff] in seeing a doctor for several months." *Id.* Holly Hawkins neglected to refer Plaintiff to see a doctor before his medication expired, and Dr. Siddiqui refused to see Plaintiff in a timely manner to prescribe his medication. *Id.* Plaintiff takes medication for severe pain caused by IBS and acid reflux. *Id.*

Because of the delays, Plaintiff experienced severe pain in his stomach and he was unable to keep food down. *Id.* Plaintiff went several months before he received his medication or saw a doctor. (Doc. 15, p. 11). Plaintiff filed an emergency grievance because he was in severe pain, but it was deemed a non-emergency, and he was told to refile it. (Doc. 15, p. 10). Plaintiff believes this is indicative of an inadequate grievance procedure, for which the Warden of Menard should be liable. *Id.* This situation caused Plaintiff severe pain, stress, depression, and anxiety, and forced him to experience withdrawal symptoms. (Doc. 15, pp. 10-11).

Plaintiff seeks monetary relief from the defendants. (Doc. 15, p. 15).

## **Discussion**

Based on the allegations of the Third Amended Complaint, the Court finds it convenient to designate two counts in this *pro se* action. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

**Count 1 –** While Plaintiff was incarcerated at Menard in 2017, Defendants showed deliberate indifference to Plaintiff's serious medical needs by delaying and/or failing to provide him with needed medications and treatment in violation of the Eighth Amendment.

**Count 2 –** The Warden of Menard subjected Plaintiff to an inadequate grievance procedure at Menard, in violation of the Fourteenth Amendment.

Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

## Count 1 – Deliberate Indifference

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim, a prisoner must show that: (1) he suffered from an objectively serious medical need; and (2) state officials acted with deliberate indifference to the prisoner's medical need, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The Court finds that Plaintiff has stated a claim under this standard, if only just, against Hawkins and Siddiqui for failing to refer Plaintiff to see a doctor and refusing to see Plaintiff in a timely manner so as to prescribe him his needed medications. (Doc. 15, p. 8). As to Wexford, a corporation can be held liable for deliberate indifference if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). Plaintiff alleges that Wexford maintains a policy

4

under which its staff delays medical treatment for inmates, and this policy caused Wexford's medical staff to delay his treatment. At this early stage, this is enough to state a deliberate indifference claim against Wexford.

To the extent Plaintiff seeks to bring a deliberate indifference claim against the Warden of Menard, this claim must fail. The Complaint is devoid of allegations suggesting the Warden of Menard's personal involvement in Plaintiff's medical care. *See Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015); *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) ("Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance.") (citations omitted).

Accordingly, Count 1 will proceed against Hawkins, Siddiqui, and Wexford and will be dismissed without prejudice against the Warden of Menard.

### Count 2 – Grievance Procedure

The Seventh Circuit has "specifically denounc[ed] a Fourteenth Amendment substantive due process right to an inmate grievance procedure." *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). As explained in *Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996), "any right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Id.* at 1430-31(internal citations omitted).

For this reason, Plaintiff's claim against the Warden of Menard based on the allegedly inadequate grievance procedure at Menard will be dismissed with

prejudice.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** shall **PROCEED** against **SIDDIQUI**, **HAWKINS**, and **WEXFORD** and is dismissed without prejudice against **WARDEN OF MENARD** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **COUNT 2** is **DISMISSED** with prejudice for the reasons stated herein.

**IT IS FURTHER ORDERED** that **WARDEN OF MENARD** is **DISMISSED** from this action without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that as to **COUNT 1**, the Clerk of Court shall prepare for **SIDDIQUI**, **HAWKINS**, and **WEXFORD**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Third Amended Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If one of the defendants fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Third Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall

be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.08.30 14:16:03
-05'00'

**United States District Judge**