IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| CHRISTOPHER WYMA, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Case No. 3:18-CV-92-NJR-RJD |
| DR. SIDDIQUI, WEXFORD MEDICAL PROVIDER, and HOLLY HAWKINS,[1] | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter came before the Court on Defendants Dr. Mohammed Siddiqui and Wexford Health Sources, Inc.'s Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 34). The Court held a hearing on Defendants' motion pursuant to *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), on February 11, 2019. For the following reasons, the motion is denied.

### BACKGROUND

Plaintiff Christopher Wyma initiated this lawsuit pursuant to 42 U.S.C. § 1983 on January 16, 2018 (Doc. 1). In the Third Amended Complaint, Wyma alleges Defendants were deliberately indifferent to his serious medical needs by delaying and/or failing to provide him with needed medications and treatment, in violation of the Eighth Amendment to the U.S. Constitution (Doc. 16). Specifically, Wyma alleges he did not

---

[1] The Clerk of Court is **DIRECTED** to correct Defendants' names on the docket as follows: Mohammed Siddiqui, M.D., for Dr. Siddiqui and Wexford Health Sources, Inc., for Wexford Medical Provider.

receive necessary psychiatric medication or see a doctor for months after arriving at Menard Correctional Center on April 19, 2017 (*Id.*). He further alleges that, while he initially received medication to treat his irritable bowel syndrome ("IBS") and acid reflux, those prescriptions expired on May 10, 2017, and were not renewed (*Id.*). This delay in receiving his medications allegedly caused him severe stomach pain, and he was unable to keep food down (*Id.*). He also experienced stress, depression, and anxiety, and withdrawal symptoms from not taking the medication (*Id.*).

On August 14, 2017, Wyma filed an emergency grievance complaining about the delay in receiving his psychiatric medications and the failure to get his IBS or acid reflux medications at all (Doc. 39, p. 16). On August 21, 2017, the Warden denied that the grievance was an emergency and told Wyma to submit the grievance through the normal procedure (*Id.*).

On August 23, 2017, Wyma submitted a grievance through the normal grievance channels (Doc. 39, p. 18). In that grievance, Wyma stated he was still not getting his prescribed IBS and acid reflux medication (*Id.*). He further stated that he was in "constant terrible pain" and needed his medication (*Id.*). The Counselor responded on September 12, 2017, and told Wyma to see the attached response from the Health Care Unit (*Id.*). The attached response was from Defendants Dr. Siddiqui and Hawkins, who stated that Wyma was seen on nurse sick call line on July 8, 2017, and was referred to the doctor (Doc. 39, p. 8). Further, he been scheduled to see the doctor regarding his refills of Pepcid and Bentyl (*Id.*). Wyma was instructed to put in for nurse sick call if he had any further problems (*Id.*). There is no indication this grievance was appealed to the Grievance

Officer, the Warden, or the Administrative Review Board ("ARB").

On December 14, 2018, Defendants Dr. Siddiqui and Wexford filed the instant motion for summary judgment on the issue of exhaustion of administrative remedies (Doc. 34). Defendants argue that Wyma did not appeal the denial of his August 14, 2017 emergency grievance or the denial of his August 23, 2017 non-emergency grievance after they were denied by the Counselor. Thus, he did not exhaust his administrative remedies prior to filing suit and his complaint must be dismissed.

Wyma filed a response to Defendants' summary judgment motion on January 9, 2019 (Doc. 39). Within his response, Wyma argued that his August 23, 2017 grievance garnered a favorable response; thus, he was not required to appeal it. He further argued that he filed "multiple grievances" to which he received no response.

In reply, Defendants note that the only reference to unanswered grievances was in Wyma's August 14, 2017 grievance, in which he mentions a March or early April grievance while he was at the Northern Reception and Classification Center and under a different doctor's care. There is no reference to unanswered grievances anywhere else in the record. Accordingly, the facts before the Court are that Wyma submitted an emergency grievance regarding his medications at Menard on August 14, 2017. When it was denied as a non-emergency, Wyma resubmitted the grievance through the normal channels. However, he failed to advance the grievance through the appeals process before filing suit. Thus, he did not properly exhaust his administrative remedies.

At the *Pavey* hearing on February 11, 2019, Wyma testified that he wrote a grievance around the middle of June and, per Menard's policy, placed it in the bars of his

cell for the correctional officers to pick up. When he followed up with the Counselor to ask if she had received it, she said no but would check to see if it was there. When Wyma heard nothing further, he wrote another grievance in mid to late July, which he personally placed in the grievance box. He again received no response.

Wyma also testified he attempted to appeal the Warden's decision that his August 14, 2017 grievance was not an emergency. He stated that he sent the grievance with a paper stating he was appealing the decision to the Counselor. About "a week or two" later, he received the grievance back with no response. In the meantime, Wyma testified, he refiled his grievance through the normal channels. The Court found Wyma's testimony credible.

## LEGAL STANDARD

Summary judgment is proper only where the moving party can demonstrate no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). All facts and reasonable inferences must be construed in favor of the non-moving party. *Blow v. Bijora, Inc.*, 855 F.3d 793, 797 (7th Cir. 2017) (*citing Calumet River Fleeting, Inc. v. Int'l Union of Operating Eng'rs, Local 150, AFL-CIO*, 824 F.3d 645, 647-48 (7th Cir. 2016)).

## DISCUSSION

The Prison Litigation Reform Act (PLRA) requires prisoners to exhaust all administrative remedies before bringing suit under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Dole v. Chandler*, 438 F.3d 804, 808 (7th Cir. 2006). Proper exhaustion requires an inmate

to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). In *Pavey v. Conley*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a plaintiff has exhausted his remedies. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).

Under the Illinois Administrative Code, an inmate must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer (the Warden) within two months of receipt, "when reasonably feasible under the circumstances." *Id.* § 504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An offender may also request a grievance be handled as an emergency by sending the grievance directly to the Chief Administrative Officer. *Id.* § 504.840. If there is a substantial risk of imminent personal injury or harm to the offender, the grievance should be handed on an emergency basis. *Id.* § 504.840(a). If the CAO determines it is not an emergency, the offender shall be notified in writing that he may resubmit the grievance in accordance with the standard grievance process. *Id.* § 504.840(c).

An inmate may appeal the decision of the CAO in writing within 30 days to the Administrative Review Board (ARB) for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a

final determination within 6 months of receipt of the appeal. 20 Ill. Admin. Code § 504.850(d) and (e).

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington,* 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). In that instance, the prisoner is deemed to have exhausted his administrative remedies so as to avoid prison officials "exploit[ing] the exhaustion requirement through indefinite delay in responding to grievances." *Lewis*, 300 F.3d at 835.

Here, Wyma testified—and the Court found credible—that he filed grievances relating to the delay in receiving his prescribed medications in June and July 2017. These grievances were filed within the timeframe for properly grieving his issues; yet, he received no response. Under those circumstances, the administrative process was unavailable to Wyma, and he is deemed to have exhausted his administrative remedies. *Lewis*, 300 F.3d at 833.

For these reasons and for those set forth on the record, the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendants Dr. Siddiqui and Wexford (Doc. 34) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   February 11, 2019**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**