IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHRISTOPHER WYMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   18-cv-92-RJD |
| | ) | |
| DR. MOHAMMED SIDDIQUI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Before the Court is Plaintiff's Motion for Extension of Time and Rehearing on Final Judgment (Doc. 73).   For the reasons set forth below, the Motion is **GRANTED**.

**Background**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center.   Defendants moved for summary judgment on March 11, 2020.   Plaintiff did not respond to the motion and, on October 30, 2020, the Court granted Defendants' motion and entered judgment in favor of Defendants Dr. Siddiqui and Wexford Health Sources, Inc.

On November 13, 2020, Plaintiff filed a motion for extension of time and rehearing on final judgment (Doc. 73), which the Court construes as a motion for relief from judgment.   Defendants did not file a response to Plaintiff's motion.

In his motion, Plaintiff indicates he never received a copy of Defendants' motion for summary judgment or an electronic filing notice from the Court.   Plaintiff asks that the Court send Defendants' motion and allow him time to respond.

Defendants have not responded to Plaintiff's motion. However, the Court notes Defendants included a Certificate of Service on all documents related to their motion for summary judgment that indicated the documents were mailed to Plaintiff at his address on file with the Court on March 11, 2020 (*see* Doc. 68 at 4; Doc. 69 at 13; Doc. 70 at 4). A notice of electronic filing would also have issued to Menard's law library for delivery to Plaintiff upon the filing of Defendants' motion.

## Discussion

Plaintiff seeks relief from judgment in this case; thus, the Court finds it must be brought under Federal Rule of Civil Procedure 60(b). Rule 60(b) permits relief from a judgment for a number of reasons including mistake, inadvertence, surprise, excusable neglect, or "any other reason that justifies relief." FED. R. CIV. P. 60(b). Relief under Rule 60(b) is an extraordinary remedy and is only granted in exceptional circumstances. *United States v. 8136 S. Dobson St., Chicago Ill.*, 125 F.3d 1076, 1082 (7th Cir. 1997).

In this instance, the Court finds Plaintiff is arguing lack of notice, which presents a situation of "excusable neglect." Plaintiff indicates he failed to respond to Defendants' motion for summary judgment because he was not aware of it. The Seventh Circuit places a high value on providing parties the opportunity to oppose summary judgment. *See Ind. Port Comm'n v. Bethlehem Steel Corp.*, 702 F.2d 107, 111 (7th Cir. 1983) (finding the district court's ruling on summary judgment before briefing was complete was premature because party did not have a meaningful opportunity to challenge the motion). In this instance, the Court finds no indication the system of providing notice of Defendants' motion to be faulty; however, there is no way to "prove" Plaintiff received the documents he now complains he never received. While the Court would typically rely on the mechanisms that are utilized and consistently successful in providing

notice of filings, without any response from Defendants evidencing their delivery of their motion to Plaintiff, and noting the exceptional circumstances surrounding the timing of the filing of the same presented by the emergency of the COVID-19 pandemic, the Court finds excusable neglect to warrant relief from judgment.

The Court **VACATES** judgment in favor of Defendants and allows Plaintiff the opportunity to respond to the Motion for Summary Judgment in accordance with Federal Rule of Civil Procedure 56.

### Conclusion

For the foregoing reasons, Plaintiff's Motion for Extension of Time and Rehearing on Final Judgment (Doc. 73), construed by the Court as a Motion for Relief from Judgment, is **GRANTED**. The Order and Judgment entered on October 30, 2020 (Docs. 71 and 72) are **VACATED**.

Plaintiff shall file his response to Defendants' Motion for Summary Judgment filed on March 11, 2020 by **May 21, 2021**. The Clerk is DIRECTED to send Plaintiff copies of docket entries 68, 69, and 70, including all attachments. Defendants may reply to Plaintiff's response in accordance with Local Rules.

**IT IS SO ORDERED.**

**DATED: April 21, 2021**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**